**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-30314

GARY DANCE

Plaintiff-Appellant

v.

ENSCO OFFSHORE CO

Defendant-Appellee

Cons. w/ No. 08-30386

GARY DANCE

Plaintiff-Appellee

v.

ENSCO OFFSHORE CO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:04-CV-2157

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Gary Dance appeals the district court's judgment in favor of Defendant ENSCO Offshore Co., and Defendant cross-appeals the court's denial of its motion to dismiss. Reviewing the record *de novo*, and assuming the applicable standard under FED. R. CIV. P. 50(a) to require a "complete absence of probative facts supporting the nonmovant's position," *Hughes v. Int'l Diving & Consulting Servs., Inc.*, 68 F.3d 90, 93 (5th Cir. 1995) (per curiam) (Jones Act), we conclude that the testimony by Plaintiff's expert that Defendant's safety manual could have included more specific guidelines regarding the lifting of heavy objects does not, as a matter of law, suffice to establish Plaintiff's negligence or unseaworthiness claims. The district court therefore correctly granted Defendant's motion for judgment under Rule 50(a).

We also find that the district court did not abuse its discretion by denying Plaintiff's motion to amend, filed on July 1, 2006. Because Plaintiff's proposed cumulative-trauma claim did not arise out of acts and occurrences set out in his original pleading, the amendment would not relate back to the filing date of that pleading. *See* FED. R. CIV. P. 15(c)(1)(B). Additionally, Plaintiff should have discovered the alleged causal connection between the trauma and his back pain sometime in June 2003, or more than three years before he moved to amend. Hence, the proposed claim was time-barred. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (denial of leave to amend is proper when the statute of limitations has run); 46 U.S.C. § 30104 (three-year statute of limitations for Jones Act claims, as prescribed under FELA, 45 U.S.C. § 56); § 30106

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(limitations period of three years under general maritime law). In light of these conclusions, Defendant's cross-appeal is denied as moot.

AFFIRMED.